IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARREN IRVINE                                                                                           PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 3:23-cv-40-DPJ-FKB

MAJOR "UNKNOWN" McCARTHY, et al.                                               DEFENDANTS

## ORDER SEVERING HABEAS CLAIMS

This matter is before the Court on *pro se* Plaintiff Darren Irvine's Complaint filed pursuant to 42 U.S.C. § 1983.  Irvine is an inmate currently incarcerated at the Lauderdale County Detention Facility in Meridian, Mississippi.  Compl. [1] at 1.  The Court has considered and liberally construed Irvine's pleadings.  *See Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002) ("[C]ourts have adopted the rule that a pro se plaintiff's pleadings are liberally construed.").

In this § 1983 case, Irvine primarily challenges the conditions of his confinement and seeks monetary damages.  Compl. [1] at 4; Pl.'s Resp. [7] at 1–5.  As relief, Irvine seeks along with monetary damages that "all charges against [him]" be dismissed.  Compl. [1] at 4.

"Section 1983 is an appropriate legal vehicle to attack unconstitutional . . . conditions of confinement."  *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (citations omitted) (finding claims that would entitle prisoner to accelerated release are not properly pursued in a § 1983 conditions of confinement case).  But habeas corpus provides the exclusive federal remedy available to a prisoner seeking a speedier or immediate release from incarceration.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding habeas corpus is exclusive federal remedy available to prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration).  Based on that

reason, Irvine's habeas claims seeking dismissal of his criminal charges will be severed from this case. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (holding that the court, if possible, should separate habeas and § 1983 claims when both type of claims are asserted). Irvine's § 1983 claims will remain in this civil action. The Court will direct the Clerk of Court to open a new case for Irvine's habeas claims under 28 U.S.C. § 2241.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Irvine's habeas claims are SEVERED from this § 1983 civil action. The Clerk of Court shall open a new civil action under 28 U.S.C. § 2241 in the Northern Division based on Irvine's criminal charges in Lauderdale County, Mississippi, with Major "Unknown" McCarthy as the Respondent, and therein file a copy of Irvine's Complaint [1] as his initiating Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, along with a copy of Irvine's Motion [2] for Leave to Proceed *in forma pauperis*, and a copy of this Order.

IT IS, FURTHER ORDERED AND ADJUDGED that Irvine's § 1983 claims remain in the instant civil action.

SO ORDERED this the 31st day of March, 2023.

                                           *s/ F. Keith Ball*
                                           UNITED STATES MAGISTRATE JUDGE