IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARREN IRVINE                                                              PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 3:23cv40-DPJ-FKB

MAJOR "UNKNOWN" McCARTHY, et al.                        DEFENDANT(S)

---

ANSWER OF DEFENDANTS
TO COMPLAINT

---

COME NOW Defendants,  Sheriff Billy Sollie (incorrectly named as "Billie Sollie") and Major Melissa McCarter (incorrectly named as "Major Unknown McCarthy") (collectively referred to as "the Defendants"), through counsel and respond to Plaintiff's Complaint, (Document No. 1) (referred to hereinafter as "the Complaint"), as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the defendants and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Plaintiff's claims in this action are barred by the Plaintiff's failure to exhaust administrative remedies, and should therefore be dismissed in accordance with the Prison Litigation Reform Act.

THIRD DEFENSE

No act or omission on the part of the defendants, and no condition complained of amounts to punishment of Plaintiff or amounts to cruel and inhuman punishment of Plaintiff.

FOURTH DEFENSE

At all times, the defendants acted in good faith and pursuant to a reasonable penalogical or law enforcement interest, toward Plaintiff and his confinement; the defendants are, therefore, immune from suit.

FIFTH DEFENSE

At most, Plaintiff's claims are allegations of simple negligence on the part of the defendants which do not give rise to a claim under 42 U.S.C. § 1983.

SIXTH DEFENSE

At no time did the defendants act with deliberate indifference to any right guaranteed Plaintiff by the United States Constitution.

SEVENTH DEFENSE

While incarcerated in the Lauderdale County Detention Facility, Plaintiff received constitutionally adequate medical care.

EIGHTH DEFENSE

No defendant may be held vicariously liable for any alleged act or omission of any other defendant or person under the circumstances in which Plaintiff's allegations are based.

## NINTH DEFENSE

To the extent that the Plaintiff seeks to assert state law claims in this case, which is denied, the defendants are entitled to all rights, immunities and privileges contained in the Mississippi Tort Claims Act which is found at § 11-46-1, et. seq. of the Mississippi  Code, including, but not limited to, all exemptions from liability set forth in said Act, the notice of claim requirement set forth in said Act, the limitations on liability set forth in said Act, as well as the fact that Plaintiff is not entitled to a jury trial pursuant to said Act.

## TENTH DEFENSE

The individual defendant is entitled to, and does hereby claim, qualified immunity under the facts and circumstances of this case.

## ELEVENTH DEFENSE

The Defendants herein cannot be held liable under the doctrine of respondeat superior.

## TWELFTH DEFENSE

At all times, the defendants' actions were in compliance with and in furtherance of compelling state interests and proper correctional procedures.

## THIRTEENTH DEFENSE

Plaintiff, through his Complaint, is subject to the provisions of 28 USC § 1915.

## FOURTEENTH DEFENSE

Plaintiff, through his Complaint, is subject to the provisions of 18 USC §

3626, including restrictions, limitations and penalties therein.

FIFTEENTH DEFENSE

It is denied that the Plaintiff was deprived of any right or privilege guaranteed to him under the Constitution and Laws of the United States, including but not limited to the Eighth Amendment or Fourteenth Amendment to such Constitution and 42 U.S.C. § 1983, or under the Constitution and Laws of the State of Mississippi, as a result of any act of the Defendants.  Therefore, each and every allegation of the Complaint to the contrary is denied.

SIXTEENTH DEFENSE

The Plaintiff, by and through his complaint and/or previous complaints, is subject to the provisions of Mississippi Code § 47-5-138.

SEVENTEENTH DEFENSE

At all times, the Plaintiff has been provided  care, custody and security which was, at a minimum, adequate under the standards of the Constitution of the United States, to include the Eighth Amendment, as well as the Constitution and Laws of the State of Mississippi.

EIGHTEENTH DEFENSE

In the alternative, the Defendants are entitled to, and do plead, the defense of good faith immunity.

NINETEENTH DEFENSE

In the alternative, the Defendants plead all applicable provisions of the Prison Litigation Reform Act in bar of plaintiff's claims, or as a limitation of

liability (which is denied) regarding such claims.

## TWENTIETH DEFENSE

These Defendants allege that if Plaintiff suffered any injury, which is denied, the same was de minimus and Plaintiff's claim must be dismissed.

## TWENTY FIRST DEFENSE

The Defendants now answer, paragraph by paragraph, the allegations of Plaintiff's Complaint (Document No. 1), as follows:

## GENERAL INFORMATION

A-F.   Admitted.  However, it is specifically denied that the Plaintiff has exhausted administrative remedies as to some or all of his claims. Further, the Defendants affirmatively deny that they, or either of them, deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.

## PARTIES

I.     Paragraph I includes no allegations and requires no response.

II.     It is admitted that the Plaintiff  is a pretrial detainee currently housed in the Lauderdale County Detention Facility ("the Facility") and was housed in the Facility at the time of filing of his Complaint.    The answering defendants herein are Lauderdale County, Sheriff Billy Sollie and Major Melissa McCarter. Otherwise, the allegations of paragraph II are not directed toward theses defendants.

## OTHER LAWSUITS FILED BY PLAINTIFF

A-B.   The defendants are without information or knowledge sufficient to form a belief as to the  truth of the plaintiff's allegations in Paragraphs A-B of the Complaint.

## STATEMENT OF CLAIM

III.    Much of Plaintiff's allegations in paragraph III are directed to other parties and require no response from these Defendants.  The Defendants deny the Plaintiff's allegations contained in Paragraph III, against them.  Further, the Defendants affirmatively deny that they, or either of them, deprived the Plaintiff of any right or privilege arising under any law including but not limited to the laws of the State of Mississippi and of the United States.

## RELIEF

IV.    The Plaintiff's allegations in paragraph IV of the Complaint are denied.  Further, the Defendants affirmatively deny that the Plaintiff is entitled to any relief or damages whatsoever.

## TWENTY SECOND DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

## TWENTY THIRD DEFENSE

Alternatively, Plaintiff failed to mitigate his alleged injuries, and his injuries and damages, respectively, if any, would not have occurred, or have been as severe, had Plaintiff mitigated such alleged damages.

## TWENTY FOURTH DEFENSE

Alternatively, the actions of others over whom the Defendants have no control and for whose acts and omissions the Defendants are not responsible, combined to constitute the sole proximate cause or a contributing cause of the incident referred to the Complaint, which is denied, and any alleged injuries suffered by Plaintiff.

## TWENTY FIFTH DEFENSE

Alternatively, the incident(s) in question and any alleged injuries resulted from the acts or omissions of persons or entities other than the Defendants for which the Defendants are in no way responsible or liable.  Alternatively, said acts or omissions of persons or entities other than the Defendants constitutes an independent, superseding cause for which the Defendants are in no way responsible or liable.

## TWENTY SIXTH DEFENSE

In the alternative, Defendants affirmatively assert that the Plaintiff's claims are barred whole or in part by contributory negligence and/or comparative fault.

## TWENTY SEVENTH DEFENSE

In the alternative, Plaintiff's claims, or some of them, should be denied as moot.

## TWENTY EIGHTH DEFENSE

The facts not having been fully developed, the Defendants affirmatively plead the following affirmative defenses as may be applicable in this action:  accord and

satisfaction, arbitration and award, assumption of risk, failure to mitigate damages, contributory negligence, statute of limitations, discharge in bankruptcy, duress, estoppel, failure of consideration, laches, license, payment, release, injury by fellow servant, equitable estoppel, judicial estoppel, statute of frauds, waiver, improper venue, lack of subject matter jurisdiction, inadequate notice, absolute immunity, qualified immunity, or any other matter constituting an avoidance or affirmative defense.

NOW, having fully answered the allegations of Plaintiff's Complaint and having set forth their defenses thereto, the Defendants move this Court to dismiss the Plaintiff's Complaint with prejudice at Plaintiff's cost and for the assessment of a "strike" in accordance with the Prison Litigation Reform Act.

This the 31st day of  May, 2023.

Respectfully submitted,

SHERIFF BILLY SOLLIE, and MAJOR MELISSA McCARTER, Defendants

BY:      */s/ Lee Thaggard*
Lee Thaggard (MSB #9442)
Barry, Thaggard & May, LLP
P.O. Box 2009
Meridian, MS 39302-2009
Office:     (601) 693-2393
Facsimile: (601) 482-7855
thaggard@btmlegal.com

Counsel for Defendants

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to <u>all counsel of record</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

          Darren Irvine
          Lauderdale County Detention Center
          2001 5th Street
          Meridian, MS 39301

This the 31st day of May, 2023.

                    */s/ Lee Thaggard*
                    Lee Thaggard